UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SHAWN YOUNT, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:15-CV-165-ACL |
| DAVID W. NEWELL, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis [Doc. #2]. Plaintiff, an inmate at the Moberly Correctional Center, has filed at least three previous cases that were dismissed as frivolous, malicious, or for failure to state a claim. *See Yount v. Hefner*, 1:14-CV-113-SNLJ (E.D. Mo.); *Yount v. Hefner*, 1:14-CV-6-SNLJ (E.D. Mo); *Yount v. Stoddard County*, 1:12-CV-186-LMB. These cases count as "strikes" against plaintiff for purposes of 28 U.S.C. § 1915(g). *See Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013); *Orr v. Clements*, 688 F.3d 463 (8th Cir. 2012); *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011); *Morris v. Petersen*, 2015 WL 4776088, *2 (N.D. Cal. 2015).

As such, the Court may not grant plaintiff's motion to proceed in forma pauperis unless he was "under imminent danger of serious physical injury" at the time the complaint was filed. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir.

2003) (imminent danger of serious physical injury must exist at the time the complaint is filed).

Plaintiff brings this action against David Newell, a privately-retained attorney, for legal malpractice under 42 U.S.C. § 1983. After carefully reviewing the complaint, the Court finds no allegations indicating that plaintiff was in imminent danger of serious physical injury when he filed his complaint on or about September 21, 2015. As a result, the Court will deny the motion for leave to proceed in forma pauperis and will dismiss this action without prejudice to refiling as a fully paid complaint.

As additional ground for dismissing this action, the Court notes that even if plaintiff were granted in forma pauperis status, this action would be dismissed as legally frivolous under 28 U.S.C. § 1915(e)(2)(b), because attorneys are not state actors for purposes of § 1983. *See Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (attorneys, whether appointed or retained, who represented plaintiff in criminal proceeding did not act under color of state law and were not subject to suit under § 1983); *Harkins v. Eldredge*, 505 F.2d 802, 803 (8th Cir. 1974) (conduct of counsel, either retained or appointed, in representing client does not constitute action under color of state law).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915(g).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 23rd day of September, 2015.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE